IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JODY WALKER,<br><br>                *Plaintiff*,<br><br>v.<br><br>ACCESS CORP.,<br><br>                *Defendant*. | Civil Action No. 2:20-cv-1595<br><br>Hon. William S. Stickman IV |

**MEMORANDUM OPINION**

WILLIAM S. STICKMAN IV, United States District Judge

      Plaintiff Jody Walker ("Walker") initiated this lawsuit against Access Corp. ("Access") on October 22, 2020. (ECF No. 1). Walker claims she was subjected to discrimination and a hostile work environment based on her gender, and that she was retaliated against because she complained about disparate treatment. (*Id.*). Walker brought her claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et. seq.* ("Title VII") and the Pennsylvania Human Relations Act, 43 P.S. §§ 951 *et. seq.* ("PHRA"). (*Id.*). Previously, on September 18, 2019, Walker filed a Charge of Discrimination against Access with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC"). (*Id.* at ¶ 46). In her Complaint, she alleged that the EEOC issued a Right to Sue ("RTS") letter on October 10, 2020. (*Id.* at ¶ 47). Access filed its Answer on December 28, 2020. (ECF No. 10). The initial case management conference was set for February 3, 2021. (ECF No. 12).

      On February 10, 2021, Walker filed a Motion to Stay Proceedings noting that her EEOC file remained open, a RTS letter had never been issued, and she desired a stay until the EEOC file was closed and a RTS letter was issued. (ECF No. 14). Access did not object. (ECF No.

1

14). On February 11, 2021, the Court stayed and administratively closed the case. (ECF No. 15). In so doing, it specifically noted, "Plaintiff may reopen this case upon the filing of a motion." (*Id.*).

On March 14, 2022, the EEOC terminated its investigation and issued a RTS letter to Walker via the EEOC portal, copying her counsel and counsel for Access. (ECF No. 16-1). On May 9, 2022, the EEOC sent Walker and her counsel a letter stating that it had closed the case, sent an email notification, and had directed her to download a copy of the decision from the portal. (ECF No. 16-2). The letter went on to state that EEOC records indicated that she had never downloaded a copy of the document, and, therefore, a copy was enclosed. (ECF No. 16-2).[1] On August 25, 2022, Access filed a Motion to Lift Stay, for Judgment on the Pleadings, and to Dismiss for Failure to Prosecute. (ECF No. 16).

## I.   STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(c) ("Rule 12(c)"), once the pleadings are closed, but within such time as to not delay trial, a party may move for judgment on the pleadings. A party may use a motion for judgment on the pleadings under Rule 12(c) as a vehicle for raising several of the defenses enumerated in Federal Rule of Civil Procedure Rule 12(b) ("Rule 12b"). *Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991). The standard of review is identical to that of a motion to dismiss under Rule 12(b)(6).[2] The only

---

[1] Walker has not disputed these facts. (ECF No. 19-1).

[2] A plaintiff must allege sufficient facts that, if accepted as true, state a claim for relief plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The "plausibility" standard required for a complaint to survive a motion to dismiss is not akin to a "probability" requirement but asks for more than sheer "possibility." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In other words, the complaint's factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations are true even if doubtful in fact. *Twombly*, 550

difference is that, on a motion for judgment on the pleadings, a court reviews not only the complaint, but also the answer and written instruments attached to the pleadings. *Iseley v. Talaber*, Civil Action No. 1:05-cv-444, 2008 WL 906508, at *2 (M.D. Pa. Mar. 31, 2008) (citation omitted). A court should consider the allegations in the pleadings, the exhibits attached thereto, matters of public record, and "undisputedly authentic" documents if a plaintiff's claims are based on such documents. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196-97 (3d Cir. 1993); *see also Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 256 n.5 (3d Cir. 2004) (providing that a court may consider (1) exhibits attached to the complaint, (2) matters of public record, and (3) all documents that are integral to or explicitly relied upon in the complaint, even if they are not attached thereto, without converting the motion into one for summary judgment). However, because a Rule 12(c) "motion calls for an assessment of the merits of the case at an embryonic stage, the court must view the facts contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences therefrom" in the nonmovant's favor. *R.G. Fin. Corp. v. Vergara-Nunez*, 446 F.3d 178, 182 (1st Cir. 2006).

When a Rule 12(c) motion is not used to raise Rule 12(b) defenses, judgment on the pleadings under Rule 12(c) is not appropriate "'unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law.'" *CoreStates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 193 (3d Cir. 1999) (quoting *Kruzits v. Okuma Machine Tool, Inc.*, 40 F.3d 52, 54 (3d Cir. 1994)). Motions under Rule 12(c),

---

U.S. at 555. Facial plausibility is present when a plaintiff pleads factual content that allows the court to draw the reasonable inference that a defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Even if the complaint's well-pleaded facts lead to a plausible inference, that inference alone will not entitle a plaintiff to relief. *Id*. at 682. The complaint must support the inference with facts to plausibly justify that inferential leap. *Id*.

3

that are not used to raise certain Rule 12(b) defenses, require a determination on the merits of the case and "should be granted only where it is clear that the merits of the controversy can be fairly and fully decided in such a summary manner." *In re Dreyfus Mut. Funds Fee Litig.*, 428 F. Supp. 2d 357, 358 (W.D. Pa. 2006).

Here, the Court can review Access's statute of limitations defense by way of its motion for judgment on the pleadings under Rule 12(c) because the statute's application is apparent on the face of the Complaint and no issue of material fact remains to be resolved. *See Ravotti v. OneJet, Inc.*, Civil Action No. 18-1598, 2021 WL 2718397, *2 (W.D. Pa. July 1, 2021) (citing cases)

## II.   ANALYSIS

The Court will grant Access's Motion to Lift the Stay. The EEOC terminated its investigation and issued a RTS letter to Walker via the EEOC portal on March 14, 2022. The reason for the stay no longer exists, and Access has advanced legitimate reasons to reopen this case and issue judgment in its favor. For the following reasons, the Court will grant Access the relief it seeks.

Access argues that it is entitled to judgment as a matter of law pursuant to Rule 12(c). It notes that in its Answer, filed on December 28, 2020, it pled that Walker (i) failed to state a claim upon which relief may be granted, and (ii) could not recover because her claims were barred by the statute of limitations. (ECF No. 10, pp. 7-9); (ECF No. 17, pp. 2-3). In sum, Access argues that Walker did not raise the lack of a RTS letter with the EEOC before filing this lawsuit, she did not promptly request a RTS letter upon learning that one had not been issued, and she did not file the RTS letter with the Court within 90 days of either March 14, 2022 (information made available on the EEOC portal) or May 9, 2022 (EEOC mailed a hard copy of

the letter). (ECF No. 17). Access contends that no facts warrant equitable tolling of the statute of limitations as "[Walker] has not been misled or prevented from asserting her rights; [she] simply sat on them." (*Id.* at p. 8). Access argues that it is entitled to judgment as a matter of law because Walker has failed to meet the statutory requirements to pursue her Title VII claims.

Walker argues that she preserved her rights by "inadvertently" filing suit prior to the issuance of a RTS letter, and she did not "violate any order or rule of procedure" when she failed to notify the Court that the RTS letter had been issued by the EEOC. (ECF No. 19-1, pp. 2-3).

The law is clear that a plaintiff has an obligation to produce a RTS letter as a prerequisite to maintaining a Title VII claim in federal court. Title VII provides that "a civil action may be brought against the respondent named in the charge ... by the person claiming to be aggrieved" within 90 days of receipt of a RTS letter from the EEOC. 42 U.S.C. § 2000e–5(f)(1). As noted in *N'Jai v. Floyd*, 2009 WL 4823839, *11 (W.D. Pa. Dec. 9, 2009), "if a claimant has already filed her complaint, she has an obligation to produce the right to sue letter within 90 days of receipt." (citations omitted). This 90-day period is to be "strictly construed," and "in the absence of some equitable basis for tolling, a civil suit even one day late is time-barred . . . ." *Burg v. Borough Council of Borough of Montrose*, 251 F.3d 465, 470-71 (3d Cir. 2001). To waive or toll the statutory requirement, a plaintiff must show that she made an effort to procure the RTS letter. *See Styles v. Philadelphia Elec. Co.*, No. CIV.A. 93-4593, 1994 WL 245469, at *1 (E.D. Pa. June 6, 1994) (citation omitted).

Walker had an obligation to produce the RTS letter within 90 days of its receipt. On March 14, 2022, the EEOC terminated its investigation and issued a RTS letter to Walker via the EEOC portal, copying her counsel and counsel for Access. (ECF No. 16-1). Neither she nor her counsel ever accessed the portal to download her RTS letter. As a result, on May 9, 2022, the

EEOC sent Walker and her counsel a letter and enclosed a hard copy of the RTS letter. (ECF No. 16-2). Giving Walker the benefit of the doubt, she is presumed to have received the letter three days later – on May 12, 2022. *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999). Consequently, Walker had until August 10, 2022 to file the RTS letter with the Court. She did not do so. By failing to produce the RTS letter within 90 days of receipt, Walker did not comply with the statutory limitations period. She has failed to cite to any caselaw in support of an argument that she was excused from producing the RTS letter. In fact, Walker has advanced no equitable tolling argument. This is because she cannot demonstrate the exercise of reasonable diligence.

Walker has not, and cannot, claim that the EEOC actively misled her. There is nothing in the record that the EEOC unduly delayed her suit before issuing the RTS letter. Walker has not disputed that she received the communications from the EEOC regarding the issuance of the RTS letter. Nothing prevented her from timely pursing her claims in this Court. Walker is solely at fault. She has not shown that she was diligent or that she was prevented by circumstances beyond her control from timely submitting the RTS letter. No grounds exist for the statute of limitations period to be equitably tolled. Walker's conduct was unreasonable, and the delay she created has materially prejudiced Access. The Court will not condone Walker's inaction and lack of diligence. To date, Walker has still failed to produce the RTS letter.

The Court finds that Walker has not met the statutory requirements for pursuing her Title VII claims. It will enter judgment on the pleadings in favor of Access and dismiss all of Walker's federal claims with prejudice.[3]

---

[3] Because the Court has found that Walker cannot litigate her Title VII claims, it will abstain from examining her state law causes of action under the PHRA. When a district court has supplemental jurisdiction over state law claims under 28 U.S.C. § 1367(a), it has discretion to

### III. CONCLUSION

For the foregoing reasons, the Court will Grant Access's Motion to Lift Stay. It will also grant Access's Rule 12(c) motion, enter judgment in its favor, and dismiss all federal claims with prejudice. Finally, it will terminate Access's Motion to Dismiss for Failure to Prosecute as moot. Orders of Court will follow.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

---

exercise or decline to exercise this jurisdiction. *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 311 (3d Cir. 2003). The statute provides that a district court "may decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir.1995). There is no reason for the Court to do so here.

Furthermore, the Court would note that it believes dismissal under Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") would also be appropriate, but it has chosen to grant the Rule 12(c) motion instead. Many of the factors that are to be considered under *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) weigh in favor of dismissal. Walker is the dilatory party, and she is solely responsible for not producing the RTS letter within 90 days. Her inaction has frustrated and delayed resolution of this action by almost two years. Three years have passed since Walker's employment ended. Access has represented that its witnesses' memories' have faded particularly since Walker's allegations stretch back to December 2014. Access has further represented that documentary and/or electronic evidence may be lost. It argues that Walker's inactivity has weakened its ability to put on a defense. Lastly, Access argues that if Walker "is allowed to proceed subject to any other sanction, and notwithstanding the expiration of the 90-day period said forth in her RTS, this case could be used as a model for future plaintiffs to increase costs to employers and render the prerequisite of a right to sue letter and the 90-day statute of limitations meaningless." (ECF No. 17, p. 15). The Court concurs, and had it not granted Access relief under Rule 12(c), it would grant relief under Rule 41(b) and dismiss the federal claims with prejudice due to Walker's failure to prosecute. Instead, it will terminate Access's Rule 41(b) motion as moot.